IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gerrilynn Hatzidakis,                                            Case No.  3:11CV00169

    Plaintiff

    v.                                                              **ORDER**

Lucas County Common Pleas Court,

    Defendant

This is an employment discrimination suit. Gerrilynn Hatzidakis claims Lucas County Common Pleas Court discriminated against her based on sex, in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1), and O.R.C. § 4112.02(A).

Jurisdiction is proper under 28 U.S.C. § 1331 and § 1367.

Pending is defendant's motion for summary judgment (Doc. 25). For the reasons that follow, I grant the motion.

### Background

Hatzidakis graduated from Clay High School in 1986. She did not attend college.

From 1985-1990, Hatzidakis worked in the Lucas County Common Pleas Court Deputies' Office as an administrative clerk. In that role she: 1) gathered information; 2) prepared waivers for fugitive filings; and 3) and tracked court procedures.

Since 1990, Hatzidakis has been an administrative manager in the Court Deputies' Office. In that role, she: 1) performed clerical duties; 2) performed administrative duties; and 3) supervised three members of the clerical staff.

As an administrative manager, Hatzidakis did not: 1) supervise law enforcement or court security personnel; 2) oversee security investigations; or 3) respond to emergencies or direct such a response.

In 2005, the director of the Deputies' Office became ill and was unable to work. The director and court administrator agreed that Hatzidakis should cover the director's day-to-day duties including: 1) judges' requests; 2) law enforcement issues; 3) court operations; and 4) personnel issues. She did not have authority to: 1) hire personnel; 2) assess court security needs; or 3) respond to emergencies.

In August, 2009, the Court began looking for a permanent director. Minimum qualifications included: 1) bachelor's degree in criminal justice, law enforcement, or a related area; 2) a valid Ohio Peace Officer's Certificate; and 3) one year of supervisory experience with a bona fide law enforcement agency.

Preferred qualifications included: 1) a master's degree in related area or relevant experience; 2) three years supervisory experience with a law enforcement agency; and 3) knowledge of the court system.

On September 16, 2009, Hatzidakis applied for the director position. Hatzidakis did not have a bachelor's degree.

The court administrator told Hatzidakis that she could not be considered because she lacked a valid Ohio Peace Officer's certificate. However, the administrator left Hatzidakis' application on file and remembered Judges looking at it.

The Judges declined to interview Hatzidakis.

After interviewing candidates, the Judges selected David Rodgers, an outside male candidate,

as the new director. Like Hatzidakis, he did not have a valid Ohio Peace Officer's certificate. Unlike Hatzidakis, Rodgers served twenty-one years in the Marine Corps, including eleven years in a supervisory role over Marine Corps law enforcement personnel. He holds a bachelor's degree.

On January 15, 2011, Hatzidakis filed the instant complaint against the Lucas County Common Pleas Court claiming sex discrimination in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1), and O.R.C. § 4112.02(A).

## Standard of Review

Summary judgment is appropriate if a party is unable "to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The moving party must provide the basis for its motion, and identify the portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *see also* Fed.R.Civ.P. 56(e).

In deciding the motion for summary judgment, I will accept the nonmoving party's evidence as true and draw all reasonable inferences in the nonmoving party's favor. *Eastman Kodak Co. v. Image Technical Servs., Inc.,* 504 U.S. 451 (1992).

## Discussion

### 1. Defendant Cannot be Sued

#### A. Immunity

Hatzidakis argues that Congress abrogated state immunity in the context of employment discrimination cases. *See Johnson v. University of Cincinnati*, 215 F.3d 561, 571 (6th Cir. 2000)

3

(stating that Title VII race discrimination claims survive immunity); *Timmer v. Michigan Dept. of Commerce*, 104 F.3d 833, 836 (6th Cir. 1997) (stating that Equal Pay Act wage discrimination claims survive immunity).

Defendant argues immunity is irrelevant because it is not raising immunity as a defense. According to defendant, it is arguing that under Ohio law it lacks the capacity to be sued.

I agree that immunity is not at issue.

### B. Capacity

State law determines the capacity to sue or be sued in federal court. Fed.R.Civ.P. 17(b)(3).

Defendant argues under Ohio law a court can neither sue nor be sued absent "express statutory authority." *Malone v. Court of Common Pleas of Cuyahoga County*, 45 Ohio St.2d 245, 248 (1976). Defendant further contends that the general definitions Hatzidakis cites do not provide express statutory authority.

Hatzidakis cites *Reece v. Miami County Municipal Court*, 1996 WL 562777 (Ohio Ct. App.), for the proposition that courts are proper defendants in discrimination cases.

Hatzidakis further contends there is "express statutory authority" to support her claim. According to Hatzidakis, the definitions of "employer" and "person" under Title VII and O.R.C § 4112 provide "express statutory authority" for courts to be sued.

The court in *Reece* did not consider the issue of capacity. *See Lawson v. City of Youngstown*, 2012 WL 6154974, *4 n.6 (N.D.Ohio). I find plaintiff's general contention that courts have capacity to be sued lacks support.

Moreover, the courts that have considered the issue have found that courts lack the capacity to be sued. *See Lawson v. City of Youngstown*, 2012 WL 6154974, *3 (N.D.Ohio) ("The plain

4

language of R.C. § 4112.01 does not expressly provide statutory authority for suing a court."); *Williams v. City of Columbus, Ohio,* 892 F.Supp.2d 918 (S.D.Ohio 2012) (stating that dismissal of court as Title VII defendant is proper "because under Ohio law, Ohio courts are not *sui juris*.").

I further find that neither Title VII nor, as stated in *Lawson*, O.R.C. § 4112 provides express statutory authority. "Express" means "clearly and unmistakably communicated; directly stated." BLACK'S LAW DICTIONARY 661 (9th ed. 2009).

Title VII defines an "employer" as a "person engaged in an industry affecting commerce who has 15 or more employees . . . and any agent of such person." 42 U.S.C. § 2000e(b). Title VII defines person to include "one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under Title 11, or receivers." 42 U.S.C. § 2000e(a).

O.R.C. § 4112.01(2) defines "employer" as "the state, any political subdivision of the state, any person employing four or more persons within the state, and any person acting directly or indirectly in the interest of an employer." It defines "person" as "one or more individuals . . . corporations . . . the state and all political subdivisions, authorities, agencies, boards, and commissions of the state." O.R.C. § 4112.01(1).

These statutory definitions do not "clearly and unmistakably communicate" authority to sue the state courts.

In conclusion, I find no support for the general contention that municipal courts have the capacity to be sued. I further find that the general statutory definitions do not provide express statutory authority.

## 2. Sex Discrimination Claim Fails on its Merits

Even if Hatzidakis could sue defendant in Federal court, her claim would fail on the merits.

To establish a *prima facie* case of sex discrimination, Hatzidakis must show: 1) membership in a protected class; 2) qualification for the position; 3) adverse employment action; and 4) differential treatment from that of a similarly-situated, non-protected employee. *DiCarlo v. Potter,* 358 F.3d 408, 415 (6th Cir. 2004).

Viewing the evidence in light most favorable to Hatzidakis, I find she has failed to show she was qualified for the director position.

The director position required: 1) a bachelor's degree; 2) a valid Ohio Peace Officer's certificate; and 3) one year supervisory experience with a bona fide law enforcement agency.

Undisputed evidence shows that Hatzidakis lacked a bachelor's degree and a valid Ohio Peace Officer's certificate.

In response, Hatzidakis points out that the successful applicant likewise was not certified. In making this argument, she disregards the incontestable fact that the person the Judges selected had extensive law enforcement experience, including supervisory experience over other law enforcement personnel – which was also a qualifying attribute for the position. Contrary to her contention, her supervisory experience was limited and occasional.

At bottom, plaintiff complains that she should have been interviewed for the position, and that the Court discriminated against her when it did not invite her for an interview. That it did not do so does not show that the Court discriminated against the plaintiff when it selected a more qualified individual. Which, in this case, the defendant clearly did

Accordingly, I find that, even if Hatzidakis could sue defendant in federal court, her claim

must fail on the merits because she cannot show she was qualified for the director position.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT defendant Lucas County Common Pleas Court's motion for summary judgment (Doc. 25) be, and the same hereby is, granted.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge
